Filed 4/11/22  Blomquist v. County of Santa Clara CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JENNIFER BLOMQUIST et al., | H045975 |
| | (Santa Clara County |
| Plaintiffs and Appellants, | Super. Ct. No. CV304201) |
| v. | |
| COUNTY OF SANTA CLARA et al., | |
| Defendants and Respondents; | |
| SAN JOSE WATER COMPANY et al., | |
| Real Parties in Interest and Respondents. | |

Jennifer and Michael Blomquist petitioned for writ of mandate against the County of Santa Clara, a member of the board of supervisors, and several county employees, naming the San Jose Water Company and the San Jose Water Group as real parties in interest.  The dispute relates to the approval and construction of a water storage tank near appellants' property, and the associated relocation of an access road.  The trial court sustained demurrers to the operative third amended petition, finding that the petition was fatally uncertain.  Appellants argue that the trial court erred in sustaining the demurrer and, alternatively, that the trial court erred by not granting leave to amend.  We will affirm the judgment of dismissal because appellants failed to state facts sufficient to constitute a cause of action and have not demonstrated a reasonable possibility that further amendment would cure that defect.

# I.    TRIAL COURT PROCEEDINGS

According to the third amended petition (operative petition), appellants own two parcels of land on La Mirada Road in unincorporated Santa Clara County.  Appellants live in a house on one of the parcels, and the other is undeveloped.  Real parties in interest the San Jose Water Company and San Jose Water Group (collectively, San Jose Water) own property near appellants' parcels.

San Jose Water sought to replace a water tank on its property with a larger water tank, and proposed that a part of La Mirada Road on San Jose Water's property would be "slightly realigned within two fee title owned [San Jose Water] parcels."  The operative petition describes a "recorded road dedicated for public access and underlying public service easements" on San Jose Water's property referred to as La Mirada Road.  The petition states La Mirada Road is a "road for public use," but the county "has not officially accepted La Mirada into County Roads for maintenance."

In compliance with the California Environmental Quality Act (CEQA; Pub. Res. Code, § 21000 et seq.), a notice of determination for the tank replacement project was filed in March 2014 with the State Clearinghouse at the California Office of Planning and Research, indicating that a mitigated negative declaration was adopted and that the project would not have a significant effect on the environment.  The California Department of Public Health was the lead agency for the project under CEQA.  Building permits for the project were issued by the county in March 2014 and March 2015.

Representing themselves, appellants filed the initial petition for writ of mandate in December 2016.  They named as respondents Santa Clara County, Supervisor Mike Wasserman, and several county employees (collectively, respondents).  The San Jose Water Company and "SJW Group" were named as real parties in interest.  Appellants filed a first amended petition, apparently before any responsive pleading was filed.  The trial court sustained demurrers to the first amended petition on grounds of uncertainty and failure to state a cause of action, and granted leave to amend.  Appellants filed a second

2

amended petition, and the trial court again sustained demurrers to that pleading because the court found it "ambiguous, uncertain, and incomprehensible." The court granted leave to amend, but admonished appellants to "remove all extraneous allegations and references to law that do not support a grant of writ of mandate for the facts in this case." (Underscoring omitted.)

The operative petition was filed in December 2017. Rather than remove extraneous allegations, appellants included more than 10 additional pages. The operative petition consists mostly of extended quotations from state and local laws, interspersed with conclusory factual allegations. The operative petition does not separate different legal theories into causes of action; indeed, no specific cause of action is identified. It alleges broadly that "[n]umerous laws were violated so [San Jose Water] could avoid SRA Fire Safe Regulations, circulation elements (General Plans), *inter alia*," and that respondents "could not administratively exempt [San Jose Water] and did not perform ministerial duties" related to a use permit and design review. The operative petition acknowledges that San Jose Water "provided new physical access" to appellants' property on the realigned La Mirada Road after completing the new water tank, but asserts that appellants "no longer have **legal** access to Home and Development as a result of [respondents'] allegedly unlawful approval of [capital improvement project] permits as well as [respondents'] failure to faithfully execute our laws once notified."

The operative petition includes a lengthy prayer, seeking among other things an order compelling respondents to "[n]otice [San Jose Water] of violations and hold related hearing." It also seeks an order compelling respondents to enforce San Jose Water's compliance with: "SRA Fire Safe Regulations," "General Plans (Los Gatos or County as required by law/facts)," the Subdivision Map Act, CEQA, and "fence setbacks and trees within La Mirada." Finally, it seeks to require the county to adopt a "resolution for La Mirada to become a County maintained road."

3

The trial court sustained demurrers to the operative petition after a hearing.  The trial court concluded the operative petition remained "uncertain, ambiguous, and incomprehensible."  The court denied leave to amend, noting that appellants "had two prior opportunities to clarify their pleading" and failed to do so.

## II.    DISCUSSION

### A. THE DEMURRERS WERE PROPERLY SUSTAINED

We review de novo a judgment of dismissal based on a sustained demurrer. (*Organizacion Comunidad De Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 790.)  We will reverse the dismissal if the allegations of the petition state a cause of action under any legal theory.  (*Ibid*.)  We assume the truth of all facts alleged in the petition (*id.* at pp. 790–791), but we do not consider conclusory factual or legal allegations.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.)  "The plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer."  (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031 (*Martin*).)  The trial court here sustained the demurrers on the ground that the operative petition was uncertain.  (Code Civ. Proc., § 430.10, subd. (f).)  Though a demurrer for uncertainty is generally disfavored, dismissal on that ground is warranted if the pleading is "so incomprehensible that a defendant cannot reasonably respond."  (*Lickiss v. Financial Industry Regulatory Authority* (2012) 208 Cal.App.4th 1125, 1135 (*Lickiss*).)  "We will affirm if there is any ground on which the demurrer can properly be sustained."  (*Martin*, at p. 1031.)

### 1.  Applicable Statutes of Limitations Bar Most Claims

Appellants' dispute stems from land use decisions that occurred in 2014 and 2015, namely a notice of determination that the tank replacement project complied with CEQA and the issuance of two building permits.  Appellants allege generally that the county or San Jose Water violated the following land use laws:  CEQA, the Subdivision Map Act

4

(Gov. Code, § 66410 et seq.), SRA Fire Safe Regulations (Pub. Res. Code, §§ 4290–4291; Cal. Code Regs., tit. 14, § 1270.00 et seq.), and the county's General Plan and zoning ordinance. But challenges to land use decisions must be filed promptly. The applicable CEQA statute of limitations here was 30 days from the date the notice of determination was filed in 2014. (Pub. Res. Code, § 21167, subd. (b).) And any challenge to a building permit for noncompliance with the Subdivision Map Act, the Fire Safe Regulations, or local laws had to be filed within 90 days after the building permit was issued (the last permit here was issued in March 2015). (Gov. Code, §§ 65009, subd. (c)(1)(E), 66499.37.) Appellants filed their initial petition in December 2016, more than a year after applicable limitations periods expired. Challenges under those land use laws are time-barred.

## 2. The Operative Petition is Uncertain and Does Not State a Claim

After removing the untimely land use law challenges from consideration, little remains in the operative petition other than vague, conclusory allegations. Appellants cite sections of the Streets and Highways Code regarding vacating public streets (e.g., Sts. & Hy. Code, § 8330), but they have not alleged that La Mirada is a public road. To the contrary, the prayer that the county adopt a resolution "for La Mirada to become a County maintained road" acknowledges that La Mirada remains merely a dedication. As a non-public road, the Streets and Highways Code sections do not apply. (Sts. & Hy. Code, § 8308 [" 'Street' and 'highway' include all or part of, or any right in, a state highway or other public highway, road, street ... ."].) Nor have appellants alleged that any challenged action "[c]ut off all access to [their] property" as described in Streets and Highways Code section 8330, subdivision (b). The operative petition acknowledges that San Jose Water "provided new physical access" to appellants' property via the realigned La Mirada Road. Appellants fail to state facts sufficient to constitute a cause of action under the Streets and Highways Code provisions they cite. (Code Civ. Proc., § 430.10, subd. (e).) We find the remainder of the operative petition fatally uncertain in that it is

5

too incomprehensible to reasonably require a response. (*Lickiss*, *supra*, 208 Cal.App.4th at p. 1135; Code Civ. Proc., § 430.10, subd. (f).)

The apparent core concern raised in the operative petition is appellants' belief that their new physical access along La Mirada Road is not "legal" access because it does not track the former road alignment (which runs under the new water tank). But none of the laws appellants cite in the operative petition affords a cause of action to test that hypothesis, and their appellate arguments do not counter the fatal deficiencies we have summarized. Although appellants contend the trial court found respondents had no ministerial or discretionary duties, the trial court made no findings on the merits when it sustained the demurrers on grounds of uncertainty.

Appellants also argue that under the primary jurisdiction doctrine the trial court should have stayed proceedings so that the matter could proceed to an administrative hearing. (*Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 390 [The primary jurisdiction doctrine "applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body"; italics omitted].) But appellants did not identify an administrative hearing that was pending, or an administrative body with special competence over any issue raised in the operative petition. Further, because appellants did not state facts sufficient to constitute a timely cause of action, there would be no valid action to stay.

### B. DENYING LEAVE TO AMEND WAS NOT AN ABUSE OF DISCRETION

Leave to amend should be granted where there is a reasonable possibility an amendment would cure the defect that caused the demurrer to be sustained. (*Smith v. BP Lubricants USA Inc.* (2021) 64 Cal.App.5th 138, 145.) A petitioner bears the burden to show how the petition can be amended to state a cause of action. (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) We review a trial court's decision denying leave to amend for abuse of discretion. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 971.)

Appellants have not carried their burden to demonstrate a reasonable possibility that further amendment could cure the defects in the operative petition. Their challenges to the water tank project's compliance with the land use and environmental laws they cite are time-barred under applicable statutes of limitations. And they have repeatedly demonstrated an inability to cure defects by amendment, with each amended petition merely adding extraneous citations with little to no explanation of how the additional authority relates to the case. Given that history, and the nature of the defects, the trial court did not abuse its discretion by sustaining the demurrers without leave to amend.

## III.   DISPOSITION

The judgment of dismissal is affirmed. As prevailing parties, respondents and real parties in interest are entitled to their costs on appeal by operation of California Rules of Court, rule 8.278(a)(1).

_____

Grover, Acting P. J.

**WE CONCUR:**

_____

Lie, J.

_____

Wilson, J.

**H045975 -** *Blomquist et al. v. County of Santa Clara et al.*